{¶ 32} By virtue of a court order, the social worker, Gehring, was charged with the responsibility of monitoring the life of the juvenile, Rachael Masek. The record before the trial court clearly demonstrated that, from the beginning, the file was a ticking time bomb, with verified reports of "staggering getting out of the car"; drunken driving, with the child in the car, on two separate occasions; collision damage to the car, clearly implying there had been an accident; and a specific and detailed report of the mother fighting with her daughter and "threatening to punch her." There is no support for the proposition that "expert testimony" is required, at the directed verdict level, to establish that this social worker was not protecting this child by failing to intervene. It is uncontroverted that the social worker's failure to act resulted in the tender-aged child witnessing the mother's suicide attempt.
 {¶ 33} The majority is correct that, when granting a directed verdict, the trial court is testing the legal sufficiency of the evidence presented and is required to "construe the evidence most strongly in favor of the party against whom the motion is directed."[3]
 {¶ 34} In the instant matter, the evidence is overwhelming that the social worker simply failed to adequately respond to the clear evidence of danger to the child.
 {¶ 35} As stated by the Supreme Court of Ohio, proximate cause is a matter that must be evaluated on a case-by-case basis. As stated by the court:
 {¶ 36} "`In delimiting the scope of duty to exercise care, regard must be had for the probability that injury may result from the act complained of. No one is bound to take care to prevent consequences, which, in the light of human experience, are beyond the range of probability.' * * *
 {¶ 37} "Not only must it be shown that Dawes breached a duty to decedent but it must also be determined that Dawes' alleged negligence proximately caused decedent's injury. `Proximate cause is a troublesome phrase. It has a particular meaning in the law but is difficult to define. It has been defined as: "That which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated." * * *' * * *
 {¶ 38} "The rule of proximate cause `"requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act."'"[4]
 {¶ 39} It was improper, for the purposes of a directed verdict, for the trial court to find that plaintiffs had failed to present an issue in controversy for the jury to resolve. Clearly, the child was harmed. Clearly, there was evidence she was in danger prior to being harmed. Clearly, there was evidence that the agency was on notice that a problem existed. And, clearly, the social worker had a duty to protect the child from harm. As a matter of law, no expert testimony is needed to permit a jury to resolve any of those issues.
 {¶ 40} The judgment of the trial court should be reversed.
[3] See Grau v. Kleinschmidt (1987), 31 Ohio St.3d 84, paragraphs one and two of the syllabus.
[4] (Citations omitted.) Jeffers v. Olexo (1989),43 Ohio St.3d 140, 143.